UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DEMAJIO ELLIS, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) Case No. 3:11-CV-231 JD |
| v. | ) |
| | ) |
| B. COLLINS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Demajio Ellis, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. [ECF No. 3.] Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Ellis's complaint is not a model of clarity, but giving it liberal construction, he alleges that several correctional officers at the St. Joseph County Jail used excessive force against him on March 23, 2011. He claims that an incident occurred in the shower room around 9:00 a.m. on

that date, during which time the officers severely beat him even though he was not resisting or otherwise doing anything wrong.[1] He claims that Sergeant B. Collins punched him in the face, then stepped on his head while he was lying on the ground, causing him to lose consciousness. He asserts that Deputy B. Wilky squeezed his adam's apple until he couldn't breath, while Deputy Gillete stepped on his toes and hit him in the arm, face, and neck. Deputy Bocmon allegedly kicked and punched him in the genitals, and then bent his arms behind his back causing injury to one of his wrists. Deputy Rager allegedly punched him in the head and then kneed him in the leg while he was lying on the ground. Deputy Heath allegedly squeezed his hand "trying to crumble it," and then put his full weight into Ellis's back while he was lying on the ground. Ellis alleges that after the beating, he wrote an administrative complaint to Warden Julie Lawson, and she responded that he could "press charges" if he chose to do so, which he did not deem to be an adequate response.

Based on the above, Ellis is suing the six correctional guards who beat him, as well as Sheriff Michael D. Grzegorek, Warden Lawson, and the jail itself. He claims that the beating resulted in a chipped tooth, cuts, bruises, an injury to his wrist, severe pain, and an exacerbation of his emotional problems.[2]

Because Ellis was a pretrial detainee at the time of these events, the Fourteenth Amendment rather than the Eighth Amendment applies. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009). The standards that apply are functionally equivalent, and "anything that would

---

[1] It can be plausibly inferred from Ellis's complaint and attachments that he believes the guards were harboring a grudge against him based on prior altercations. [ECF No. 3 at 3.]

[2] The extent of Ellis's emotional problems are not clear at this stage, but he indicates in an attachment that he had been "hearing voices" on the date in question. [ECF No. 3 at 3.]

violate the Eighth Amendment would also violate the Fourteenth Amendment." *Id*. Under the Eighth Amendment, the "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (internal citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

As recounted above, Ellis alleges that six correctional officers severely beat him without legitimate justification, causing him pain and injury. Although further factual development may show that Ellis was resisting or that other circumstances necessitated the use of force, at this stage the court must accept Ellis's allegations as true. Giving Ellis the inferences to which he is entitled at this stage, he has alleged a plausible excessive force claim against the correctional officers.

Ellis also names Sheriff Grzegorek and Warden Lawson as defendants. Sheriff Grzegorek is not mentioned anywhere in the narrative section of the complaint, and there is nothing to indicate that either he or Warden Lawson had any personal involvement in the beating itself. These defendants cannot be held liable simply because they supervise the correctional officers involved, as there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009). Although Ellis alleges that he wrote an administrative complaint to Warden Lawson after the beating, this alone cannot make her liable under 42 U.S.C. § 1983. *Id.* at 596; *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). While Warden Lawson could be held liable if she stood by and watched the beating without

3

intervening, she cannot be held liable simply for rejecting an administrative complaint about a "completed act of misconduct." *George*, 507 F.3d at 609-10. Furthermore, the documentation Ellis attaches to his complaint shows that his administrative complaint was answered by Captain Huff, not Warden Lawson, even though he apparently wanted it routed to the warden. [*See* ECF No. 3 at 8.] For these reasons, Sheriff Grzegorek and Warden Lawson will be dismissed as defendants.

Ellis also names the jail as a defendant, but this is a building, not a person or even a policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *See* IND. CODE § 36-1-2-10; *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (listing Indiana municipal entities that can be sued under 42 U.S.C. § 1983). Accordingly, the jail will be dismissed as a defendant.

For the reasons set forth above, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant B. Collins, Deputy B. Wilky, Deputy Bocmon, Deputy Heath, Deputy Gillette, and Deputy Rager in their individual capacities for compensatory damages for using excessive force against him in violation of the Fourteenth Amendment;

(2) **DISMISSES** Sheriff Grzegorek, Warden Julie Lawson, and the St. Joseph County Jail as defendants;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Sergeant B. Collins, Deputy B. Wilky, Deputy Bocmon, Deputy Heath, Deputy Gillette, and Deputy Rager; and

(5) **ORDERS** Sergeant B. Collins, Deputy B. Wilky, Deputy Bocmon, Deputy Heath, Deputy Gillette, and Deputy Rager to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED:   May 25, 2012

                                                       /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court